IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DENNIS M. GALLIPEAU, #16472-171                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  5:13-cv-7-DCB-MTP

M. MARTIN and T. MOORE                                                           DEFENDANTS

MEMORANDUM OPINION

This cause comes before the Court *sua sponte* for consideration of dismissal.  Plaintiff, an

inmate incarcerated at the Federal Correctional Complex (FCC)-Yazoo, Yazoo City, Mississippi,

filed this complaint for a writ of mandamus pursuant to 28 U.S.C. § 1361 on January 11, 2013.

The Plaintiff complains that the Federal Bureau of Prisons Program Statement 5265.14

along with the FCC Yazoo City Low Complex Statement Number YAX5265.11G provides that

Plaintiff is allowed up to five free stamps per week to mail his legal correspondence and

administrative filings.  Compl. [1] at 1-2.  According to the complaint [1], Plaintiff has been

denied postage for his legal and administrative remedy mail from August 2011 to October 2011

and again in October 2012 and at least through November 2012.  Plaintiff was informed on or

about November 8, 2012, by Defendant Moore "that there are no stamps."  *Id.* at 3.

Plaintiff complains that he has had to borrow stamps from fellow inmates, and is required

to re-pay the stamps at a rate of two stamps for each one stamp borrowed.  *Id*. at 4.  Because of

the language of the BOP Program Statement, the Plaintiff argues that he has demonstrated a clear

right to relief and that this Court must issue the writ of mandamus directing the prison officials

to "reimburse Plaintiff 26 First-Class Forever stamps, and to provide Plaintiff up to five First-

Class stamps per week for his legal, or administrative remedy, mailings.  Plaintiff also requests

that he be awarded his costs for bringing this action."

Analysis

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  Clearly, in order for the Court to grant mandamus relief, (1) the Plaintiff must have a clear right to the relief, (2) the Defendant must have a clear duty to do the act requested, and (3) the Plaintiff must not have any other adequate remedy.  *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir.1997)(citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).  This Court finds that the Plaintiff does not meet the requirements for this Court to issue a writ of mandamus.  The Plaintiff has other adequate remedies available to him such as an action challenging this condition pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Moreover, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Id.* at 403. Consequently, the Court does not find the drastic remedy of mandamus necessary to Plaintiff's circumstance.

## Conclusion

As explained above, this Court finds that the Plaintiff fails to meet the requirement that mandamus, 28 U.S.C. § 1361, is appropriate under the circumstances of the instant civil action. The Plaintiff, therefore, is not entitled to the extraordinary remedy of mandamus which he seeks

in this action. Thus, the Plaintiff's request for a writ of mandamus is DENIED and this case is hereby DISMISSED.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED, this the   12th    day of February, 2013.

                                     s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE