IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DENNIS M. GALLIPEAU, #16472-171                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:13-cv-7-DCB-MTP

M. MARTIN and T. MOORE                                                    DEFENDANTS

ORDER

BEFORE THE COURT is Plaintiff's Motion [7] for Reconsideration entered March 7, 2013.  Plaintiff, a federal prisoner proceeding *pro se*, moves the Court to reconsider the Memorandum Opinion [5] entered on February 13, 2013, dismissing this request for writ of mandamus.  Because Plaintiff's Motion [7] was filed within 28 days after the entry of the judgment, this Court finds that Plaintiff's Motion [7] is in the nature of a motion to alter or amend a judgment pursuant to Federal Rules of Civil Procedure Rule 58.   Having considered the issues raised in the Motion [7], the Court finds that the Motion is not well-taken and should be denied.

In order to obtain relief under Rule 59(e), the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and the request for relief "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir.2003)(citation omitted).  The United States Court of Appeals for the Fifth Circuit has stated that when deciding a Motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiff's default; (2) the importance of the evidence to the plaintiff's case; (3)  whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair

prejudice if the case is reopened.  *Sturges v. Moore*, 73 Fed. App'x 777, 778 (5th Cir. 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Id.* at 626.

As previously explained by the Court in the Memorandum Opinion [5] entered on February 13, 2013, Plaintiff did not established and the Court did not find the drastic remedy of mandamus necessary to Plaintiff's circumstances.  After thorough consideration of the Motion [7] submitted, the entire Court record and relevant case law, the Court concludes that Plaintiff has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").  Therefore, it is hereby,

ORDERED that Plaintiff's Motion [7] for Reconsideration is **denied.**

SO ORDERED this the  27th    day of June            , 2013.

                                           s/David Bramlette
                                           UNITED STATES DISTRICT JUDGE